Dear Honorable Crow,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
May an employee of a board of education, notwithstanding anyrelationship to an employee organization, miss work in furtherance ofemployee negotiations without loss of pay?
Title 70 O.S. 6-104(A) 70 O.S. 6-104(C) (1978) provides for the types of absences or leaves for which a teacher is authorized his or her full wages as follows:
 "(A) The board of education of each school district in the state shall provide for sick leave for all teachers employed in the district and shall pay such teachers the full amount of their contract salaries during any absence from their regular school duties for a period of time and under such conditions as the board may determine, but not less than the minimum benefits hereafter specified. Payment for sick leave shall be made on the basis of the current salary rate then in effect for the teacher receiving the payment. The plan shall provide that a teacher may be absent from his or her duties due to personal accidental injury, illness or pregnancy, or accidental injury or illness in the immediate family without the loss of salary for not to exceed ten (10) days during each school year, and the right to such leave shall vest at the beginning of the school year. Each school district may provide not more than five (5) days each year for emergency leave. Each school district will determine the purposes for which emergency leave can be used. Those days shall not be chargeable to sick leave and will be noncumulative. Unused sick leave shall be cumulative up to a total of sixty (60) days, but cumulative sick leave shall not be transferable to another district and shall expire if the teacher leaves the employment of the school district in which accumulated.
 "(C) Each school district shall grant a teacher leave for jury service and shall pay the teacher during such service the full, current contract salary. Provided that the district may deduct any compensation received for serving as a juror from the teacher's salary during such service."
70 O.S. 6-105(C) sets forth yet another basis for leave with pay as follows:
 "(C) Teachers who are members, either officers or enlisted men, of the Reserve. Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Women's Auxiliary Corps, or any other component of the Armed Forces of the United States, including members of the National Guard, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such active service without loss of status or efficiency rating and without loss of pay during the first thirty (30) days of such leave of absence."
For absences other than those set out in 70 O.S. 6-104(A) 70 O.S. 6-104(C), and 70 O.S. 6-105(C), the applicable statute is 70 O.S. 6-105(A) which states:
 "(A) If, because of sickness or other reason, a teacher is temporarily unable to perform his or her regular duties, a substitute teacher for his or her position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the board of education or according to the regulations of the board. A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute.
 "No substitute teacher shall be employed for a total period of time in excess of twenty (20) school days during a school year unless he or she is the holder of a valid certificate and has a written contract based upon his or her degree and experience as a regular substitute teacher. Payment of salary to a substitute shall have no effect on the amount of salary to which the absent regular teacher is entitled under the applicable leave plan."
In short, a teacher may miss work and still receive full pay while on sick leave, emergency leave, jury service, and military duty. A teacher may miss work for personal business and forfeit that amount actually paid to a substitute teacher.
Title 70 O.S. 6-4 (1961), is the forerunner of 70 O.S. 6-105(A), quoted above. It was referred to in Op. Atty. Gen. 69-131, wherein the question was asked whether, under a communications agreement with the Tulsa Classroom Teachers Association (TCTA) whereby representatives thereof would meet periodically during school hours, substitute teachers could be paid out of district funds instead of deducting the amount from the regular teacher's salary. 70 O.S. 6-4 provided that a substitute teacher, absent an agreement to the contrary, would be paid the same amount as the regular teacher, and that amount deducted from the regular teacher's salary. The question was answered in the affirmative, as there was an agreement among all parties whereby the District would pay the salary of the substitute, thus allowing the regular teacher to miss work with pay.
The question, by including the limitation "notwithstanding any relationship to an employee organization," precludes the existence of an agreement modifying the strict application of the statutory requirements. Therefore, 70 O.S. 6-105(A) (1978) applies. 70 O.S. 6-105(A) amends the older statute (70 O.S. 6-4) in that the pay for a substitute teacher is determined by either an agreement between the board of education and the substitute teacher or by regulations of the board of education.
In addition, 70 O.S. 6-105(A) adds the provision concerning absences for personal business, whereby a teacher may miss work for reasons other than those set out in 70 O.S. 6-104(A) 70 O.S. 6-104(C) and 70 O.S. 6-105(C). In the case of an absence for personal business, 70 O.S. 6-105(A) clearly provides that a substitute teacher may be hired, and will be paid an amount agreed to by that substitute and the district, or an amount provided for by the regulations of the board of education involved, which will be paid from the absent teacher's salary. The statute does not specify what may be considered personal business. Therefore, the absence referred to in the question submitted would be considered an absence for personal business, and the absent teacher would have deducted from his or her salary that amount actually paid to the substitute teacher.
It is, therefore, the opinion of the Attorney General that an employeeof a board of education cannot miss work to further employee negotiationswithout loss of pay, the amount of such loss to be determined by, andequivalent to the amount actually paid to a substitute teacher for thetime missed.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL